**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ADIL PHILIPS KOREL,

          Plaintiff,

vs.                                              Case No. 3:10-cv-903-J-34JRK

SUNSHINE FOOD #130, AKAM
SORANY, and AMIN MANU,

          Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on two matters: (1) Plaintiff's request to proceed in forma pauperis contained in the Affidavit of Indigency filed October 4, 2010 (Doc. No. 2; "Motion"); and (2) the December 1, 2010 Order to Show Cause (Doc. No. 6). Upon review of the file, the undersigned recommends that this case be dismissed for failure to prosecute.

On October 4, 2010, Plaintiff commenced this action by filing a document titled "Employment Discrimination," which the Court construes as the Complaint. (Doc. No 1; "Complaint") at 1. Plaintiff alleges that he "worked for Sunshine Food Store for about [three] weeks." Id. Plaintiff contends his manager "kept insulting Arabs all the time" and encouraged Plaintiff to do so as well. Id. at 1-2. When Plaintiff refused to do so, the manager "took

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual allegations on appeal.

[Plaintiff] of[f] the time sheet and told [Plaintiff] not to come to work anymore because [he is] an Arab lover." Id. at 2.

On October 25, 2010, an Order was entered construing the Complaint as an attempt to bring a claim for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII"). See Order (Doc. No. 5) at 3-4. In the Order, the undersigned observed that "Plaintiff's allegations are insufficient under Title VII to state a claim on which relief can be granted." Id. at 4. Because of the factual and legal deficiencies in the Complaint, the Motion was taken under advisement and Plaintiff was directed to file an Amended Complaint or to pay the filing fee by November 24, 2010. Id. at 4-5.

Plaintiff failed to file an amended complaint as directed in the Order (Doc. No. 5). Plaintiff also failed to pay the filing fee. Therefore, on December 1, 2010, the undersigned entered an Order to Show Cause (Doc. No. 6) giving Plaintiff until December 22, 2010 to submit an amended complaint and file a written response showing cause why his request to proceed in forma pauperis should not be denied and the Complaint dismissed for failure to comply with the October 25, 2010 Order. See Order to Show Cause (Doc. No. 6) at 1-2. In the Order to Show Cause, it was explicitly stated that, "[i]f Plaintiff does not respond to this Order to Show Cause by submitting an amended complaint and a written response . . . or by paying the filing fee, the undersigned will recommend that this action be dismissed pursuant to Local Rule 3.10(a) for failure to prosecute." Id. at 2.

As of this date, Plaintiff has not complied with the October 25, 2010 Order (Doc. No. 5), and he has not responded to the Order to Show Cause (Doc. No. 6).

**RECOMMENDATION**

Accordingly, it is recommended that this action be **DISMISSED** without prejudice pursuant to Local Rule 3.10(a), United States District Court, Middle District of Florida, for failure to prosecute.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on December 28, 2010.

*/s/ James R. Klindt*
**JAMES R. KLINDT**
United States Magistrate Judge

kaw

Copies to:

Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Party